IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS BRADY MATHIS,<br><br>                        Petitioner,<br><br>v.<br><br>DAVID A. VARANO, Superintendent, et al.,<br><br>                       Respondents. | MISCELLANEOUS ACTION<br><br>No. 12-0082 |

## MEMORANDUM/ORDER

Thomas Brady Mathis is a prisoner at the State Correctional Institute at Coal Township, Pennsylvania. He is currently serving a life sentence, imposed after he was convicted in April 1972 of first-degree felony murder and other crimes. He now petitions the court for a writ of error *coram nobis*, pursuant to the All Writs Act, 28 U.S.C. § 1651. He also moves for the appointment of counsel and to proceed *in forma pauperis*.[1]

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of*

---

[1] Mathis's motion for appointment of counsel and *in forma pauperis* status were docketed on March 21, 2012 (Docket No. 1). His petition for a writ of error *coram nobis* does not yet appear on the docket. The order issued with this memorandum will request that the Clerk of the Court docket the petition.

*Corr. v. U.S. Marshal Serv.*, 474 U.S. 34, 43 (1985). The writ of error *coram nobis* is among the writs preserved by the All Writs Act. But the writ of error *coram nobis* "is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is *no longer in custody.*" *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989) (emphasis added); *accord United States v. Rhines*, 640 F.3d 69, 72 (3d Cir. 2011) ("[W]rits of error coram nobis are generally not available to those 'in custody.'"). Persons who remain in custody who wish to challenge their state criminal convictions or sentences in federal court should instead petition for a writ of *habeas corpus*.

It appears that Mathis has filed at least two prior petitions for a writ of *habeas corpus*. *See Mathis v. Wynder*, Civ. No. 06-4833 (E.D. Pa. Jan. 9, 2007) (dismissing petition as unauthorized second or successive petition); *Mathis v. Ryan*, Civ. No. 90-3467 (E.D. Pa. Nov. 3, 1992) (adopting report and recommendation that petition be denied); *see also In re Mathis*, No. 09-4262 (3d Cir. Dec. 23, 2009) (denying Mathis's motion to file second or successive petition).

In the present case, Mathis appears to argue that he is entitled to challenge his sentence and conviction via a petition for a writ of error *coram nobis* because of the refusal of past federal *habeas* courts to consider his claims on the merits. But a state prisoner may not petition for a writ of error *coram nobis* "merely because he/she is unable to meet . . . [the] gatekeeping requirements" on *habeas* relief. *United States v. Baptiste*,

2

223 F.3d 188, 189-90 (3d Cir. 2000). As long as Mathis remains in state custody, the writ of *habeas corpus* can provide such relief, if any, to which he may be entitled.

Accordingly, in the order that follows, the petition for a writ of error *coram nobis* will be denied, the petitioner's motion for appointment of counsel and *in forma pauperis* status will be dismissed as moot, and the Clerk will be asked to send Mathis a copy of this Court's current standard forms for filing a petition for a writ of *habeas corpus*.

\* \* \* \* \*

**AND NOW**, this 16 day of April, 2012, for the foregoing reasons, it is hereby **ORDERED** as followed:

(1) The Clerk of the Court is requested to enter Mathis's petition for a writ of error *coram nobis* on the docket of this case, Misc. No. 12-0082;

(2) Mathis's petition for a writ of error *coram nobis* is **DENIED**;

(3) Mathis's motion for appointment of counsel and to proceed *in forma pauperis* (Docket No. 1) is **DISMISSED** as moot;

(4) The Clerk of the Court is requested to provide Mathis with a copy of the standard form used in this Court for filing a petition for a writ of *habeas corpus*; and,

(4) This case, Misc. No. 12-0082, shall be marked as **CLOSED**.

BY THE COURT:

Pollak, J.

3